**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-1410**

SINDI BEATRIZ PAZ PINEDA; Z.L.L.P.,

Petitioners,

v.

TODD BLANCHE, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  May 29, 2026                     Decided:  August 12, 2026

Before RICHARDSON, BENJAMIN, and BERNER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Donald L. Schlemmer, Washington, D.C., for Petitioners.  Brett A. Shumate, Assistant Attorney General, Zoe J. Heller, Jonathan Robbins, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sindi Paz Pineda and her daughter (together, "Petitioners"), petition for review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal from the immigration judge's (IJ) decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

We will affirm the agency's determination regarding an applicant's eligibility for asylum and withholding of removal if it is supported by substantial evidence on the record considered as a whole. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "Because the burden of proof for withholding of removal is higher than for asylum—even though the facts that must be proved are the same—an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under § 1231(b)(3)." *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

"[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues, however, are reviewed de novo. *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691–92 (4th Cir. 2008).

Here, the BIA agreed with the IJ that Petitioners failed to show an objective basis for fear of religious persecution and that any harm they fear will be inflicted by the Honduran government or private actors that the government is unable or unwilling to control. Upon review of the record, considered in conjunction with the relevant authorities and the issues raised in this court, we discern no legal error in the agency's analysis of

2

these issues. Substantial evidence supports the agency's ruling that Petitioners failed to establish an objective basis for her claim of religious persecution and that the Honduran government was unable or unwilling to protect them from the private-actor persecutor.

Next, we have considered Petitioners' challenge to the denial of CAT protection and conclude that substantial evidence supports the denial of protection. *Cabrera Vasquez v. Barr*, 919 F.3d 218, 222 (4th Cir. 2019) (stating the standard of review).

Finally, we decline to review Petitioner's credibility and failure to develop the record claims. Petitioners assert that the BIA erred by affirming the IJ's findings that she was not credible, and that the IJ failed to fulfill its duty to develop the record. As the Government observes, however, Petitioners failed to raise, and therefore exhaust these claims before the BIA, which could have addressed and remedied the issues. *See Kurfees v. INS*, 275 F.3d 332, 337 (4th Cir. 2001). As the Government has properly invoked the exhaustion requirement specified in 8 U.S.C. § 1252(d)(1), we decline to review those claims.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*